.   UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**PATRICK EUGENE LEATH,**

     **Petitioner,**

v.             **Civil No. 4:22-CV-155-P**

**BOBBY LUMPKIN, Director,
TDCJ- CID,**

     **Respondent.**

## OPINION AND ORDER

  Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Patrick Eugene Leath ("Leath"), a state prisoner confined in the Memorial Unit of the Correctional Institutions Division of the Texas Department of Criminal Justice ("TDCJ-CID"), against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Leath, the Court has concluded that the petition is an unauthorized successive petition and should be transferred to the United States Court of Appeals for the fifth Circuit for a determination as to whether authorization to file the petition should be granted.

**I. BACKGROUND**

  Leath is confined in TDCJ-CID pursuant to the judgment and sentence of the 29th District Court of Palo Pinto County, Texas, in case number 14838, styled *The State of Texas v. Patrick Eugene Leath*. SHCR-01 at 110–112;[1] Pet. 2, ECF No. 1. Leath pleaded not guilty, but the jury found him guilty, and the trial court sentenced him to forty years of incarceration on December 4, 2012. *Id.* at 110. Leath appealed, but his conviction was affirmed in May of 2013. *Leath v. State*, No. 11–13–00072–CR, 2013 WL 5761708 (Tex. App.—Eastland 2013, pet. ref'd). His petition for discretionary review ("PDR") was refused on October 23, 2013. *Leath v. State*, PDR No. 692-13.

---

[1] SHCR-01" refers to the clerk's record of state habeas pleadings in *Ex parte Leath*, No. 82,236-01 (Tex. Crim. App. 2014) and is followed by the applicable page numbers, and citation to where the records are placed on the docket. Leath's other state applications are cited in a similar fashion.

Leath filed his first state application for writ of habeas corpus attacking the instant conviction on August 20, 2014. SHCR-01 at 3, ECF No. 27-19. SHCR at Action Taekn, ECF No. 27-20. The Texas Court of Criminal Appeals ("TCCA") denied it without written order on November 19, 2014. *Id.* at Action Taken. The TCCA denied Leath's motion for leave to file an application for original writ of mandamus. SHCR-02 at Action Taken, ECF No. 27-25. Subsequently, Leath filed a second state writ application attacking the instant conviction, which the TCCA dismissed as a subsequent application on April 7, 2021. SHCR-03 at Action Taken, ECF NO. 27-30.

Leath filed a previous federal petition under § 2254 on or about January 21, 2015. *See Leath v. Stephens*, Civil Action No 4:15-CV-56-Y (N.D. Tex. 2016), at ECF No. 1. On October 4, 2016, the District Court entered an opinion and judgment denying Leath's petition on the merits. *Id.* at ECF Nos. 42–43. Leath appealed the denial of his federal petition, and the Fifth Circuit Court of Appeals denied a certificate of appealability. *Leath v. Davis*, No. 16-11521 (5th Cir. Aug. 28, 2017). Davis sought a reconsideration of that ruling, but the court of appeals denied that motion. *Id.* (Sep. 25, 2017).

On June 10, 2019, Leath moved for relief from the denial of his § 2254 petition, citing alleged new evidence and actual innocence. *Leath v. Stephens*, Civil Action No 4:15-CV-56-Y, at ECF No. 52. On June 17, 2019, the District Court dismissed his motion as an unauthorized successive petition, and alternatively, as untimely. *Id.* at ECF No. 53. Leath filed an appeal from that ruling, but the Fifth Circuit denied his request for a certificate of appealability on May 26, 2020. *Leath v. Davis*, No. 19-10802 (5th Cir. May 26, 2020). Thereafter, the Fifth Circuit considered Leath's motion for reconsideration and denied it on September 9, 2020. *Id.* (Sep. 9, 2020).

Leath filed the instant § 2254 petition on or about February 18, 2022. Pet. 30, ECF No. 1.

## II.   ISSUES

The Court understands Leath to allege:
1. Ineffective assistance of trial counsel for failure to file motions for expert witnesses;
2. Ineffective assistance of trial counsel for failure to secure a

  continuance so that the defense may seek expert witnesses;

  3. "New scientific evidence" exists that contradicts the State's scientific evidence at trial;

  4. The State made an unsubstantiated claim to damage the character of Leath's wife so she could not testify on his behalf.

Pet. 8–9, ECF No. 1; Brief 5–18, ECF No. 15.

### III.  ANALYSIS

  Title 28 U.S.C. § 2244(b) requires dismissal of a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless the petition is based on (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Additionally, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3)(A).

  Leath filed a previous petition under § 2254 in which he either did or could have raised the instant claims. *See Leath v. Stephens*, Civil Action No. 4:15-CV-56-Y (N.D. Tex. 2016). Leath has not demonstrated that his claims rely on a new, retroactive rule of constitutional law, that their factual predicate could not have been previously discovered through due diligence, or that but for the supposed errors he would not have been found guilty. 28 U.S.C. § 2244(b)(2). As a result, the instant petition is successive. *Id.*

  Leath must receive permission from the Fifth Circuit Court of Appeals in order for the instant petition to proceed properly before this Court. 28 U.S.C. §§ 2244(b)(3)(A)-(E). Leath has not provided any proof that he has obtained such authorization from the court of appeals. Moreover, the Fifth Circuit has otherwise explicitly denied Leath's motion for permission to file a successive federal petition. *Leath v. Davis*, No. 19-10802. For these reasons, this Court lacks jurisdiction to

address the merits of Leath's claims.

Under these circumstances, a district court may either dismiss the petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit Court of Appeals to determine whether the petitioner should be allowed to file the petition in the district court. *Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2000); *In re Epps,* 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive petition to the circuit court and establishing procedures in the circuit court to handle such transfers). The Court chooses the latter procedure.

### IV.   CONCLUSION

For the reasons discussed herein, petitioner Patrick Eugene Leath's § 2254 petition should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

**SO ORDERED** on this **8th day** of **November 2022.**

*(signature)*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

4